IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELBA A. TILMON )
)
      Plaintiff, )
)
v. ) Case No. 17-2383-JAR
)
POLO RALPH LAUREN FACTORY STORE, )
)
      Defendant. )

## **ORDER**

The pro se plaintiff, Melba A. Tilmon, brings this employment-discrimination action against her employer, Polo Ralph Lauren Factory Store, alleging that due to her age and race (African-American) she has been passed over for promotions and wage increases. Plaintiff has filed a motion asking the court to appoint counsel to represent her in this case (ECF No. 4). For the reasons discussed below, the motion is denied.

In civil actions such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment-discrimination case.[2] The decision to appoint counsel lies solely in the court's discretion, and should be based on a

---

[1] *Beaudry v. Corr. Corp. of Am.,* 331 F.3d 1164, 1169 (10th Cir. 2003); *Ivory v. Werholtz*, No. 09-3224-SAC, 2009 WL 4043304, at *3 (D. Kan. Nov. 19, 2009) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Lister v. City of Wichita, Kansas*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)).

determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[3] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] The court also considers the efforts made by the litigant to retain her own counsel.[5]

The court does not find it appropriate to appoint counsel for plaintiff. A review of the papers prepared and filed by plaintiff indicates she is capable of presenting the case without the aid of counsel, particularly given the liberal standards governing pro se litigants. The factual and legal issues in the case are not extraordinarily complex. The court has no doubt that the district court judge assigned to this case will have little trouble discerning the applicable law. The court must also consider the merits of plaintiff's claim. Based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious. Finally, it appears that plaintiff has only contacted three attorneys in an attempt to retain her own counsel, and only one of those attorneys declined representation, while one has expressed "interest in

---

[3]*Castner v. Colo. Springs Cablevision*, 979 F.2d at 1420.

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors).

[5]*Lister*, 666 F. App'x at 713; *Sommerville v. Republic Cnty. Hosp.*, No. 10-4119, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010).

consultation" and one has not yet responded.[6]

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting her case, the court is certain that she can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel therefore is denied.

Plaintiff is informed that within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file objections to this order by filing a motion for review of this order by the presiding U.S. district judge. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated July 6, 2017, at Kansas City, Kansas.

                                        s/James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[6] ECF No. 4 at 2-3.